City of Larned v. Jordan.

THE CITY OF LARNED v. M. A. W. JORDAN, *as Assignee of the Pawnee County Bank.*

1. PRACTICE—*Inconsistent Remedies—Election.* Where a party has an election between two inconsistent remedies, and, with knowledge of the important facts affecting his right, selects one remedy and establishes his claim, he cannot subsequently abandon such remedy and adopt another.

2. INSOLVENT BANK—*Trust Fund—Estoppel.* Where a bank, having possession of a trust fund belonging to a city, which it had received on deposit from the city treasurer, makes an assignment of all of its property for the benefit of its creditors, and subsequently the city demands of the city treasurer the payment of the money which he deposited in the insolvent bank, and when this is refused also makes a demand upon the bondsmen of such treasurer, and thereupon one of the bondsmen presents to the assignee of the bank a demand for the amount of the deposit, and alleges therein "that the bank is justly indebted to this affiant, as bondsman, for the amount of the deposit upon the following claim to wit: Upon the deposit account as above stated, in the sum of $4,645.18, which this affiant claims as bondsman of F. J. Mathias, city treasurer, aforesaid;" and further alleges: "This certificate of proof being made in behalf of G. Krouch and the other bondsmen of said F. J. Mathias, city treasurer;" and the assignee allows to the bondsman the full amount of the demand presented by him, and thereafter issues to such bondsman a check for the amount of the first dividend made upon the claim, and the bondsman turns this over to the city treasurer, and it is credited upon the account of the defaulting treasurer, *held,* that the city thereby does not become a general creditor of the insolvent bank, nor is it estopped from pursuing the trust fund in the hands of the assignee of such bank.

*Error from Pawnee District Court.*

AT the general city election in April, 1892, F. J. Mathias was elected and in due time qualified as the treasurer of the city of Larned, in this state. In April, 1893, he was elected and in due time qualified and continued to perform the duties of treasurer until July 1, 1893, when he resigned. While city treasurer he was also cashier and general manager of the Pawnee County Bank, of which bank H. Mathias, his father, was president, G. Krouch, vice-president, and G. Hartstein a stockholder. On March 7, 1893, F. J. Mathias received the sum of $5,121.74 belonging to the city, and of his own motion, without any express authority from the city, but with the knowledge of the officers of the Pawnee County Bank, deposited the same in that bank. The real issue in the election at which Mathias was chosen city treasurer was whether the city funds should remain in the First National Bank or be transferred to the Pawnee County Bank. Upon the election and qualification of Mathias, the money was removed by him from the First National Bank and immediately deposited in the Pawnee County Bank to the credit of the city of Larned, and continued to be so kept till the failure of that bank. All the city moneys received by him were added to this deposit, and all moneys paid out were paid upon checks drawn by him in the name of the city of Larned. This was done openly, and the city officers knew of it at the time, and particularly the finance committee, which from time to time examined and audited Mathias's accounts. The bank closed its doors on July 1, 1893, and made an assignment. M. A. W. Jordan was appointed assignee of the bank, and was thereafter duly elected and qualified, and has ever

since been the qualified and acting assignee. Demand was made on F. J. Mathias, as city treasurer, by the proper authorities for the city funds in his hands. He was unable to comply with the demand, and it was then ascertained that he had defaulted to the amount of $4,645.18. Plaintiff, as one of the creditors of the bank, was duly notified of the time fixed for the election of a permanent assignee, and was also duly notified of the time and place of allowing claims against the estate. F. J. Mathias, as city treasurer, gave a bond to the city, with G. Krouch, H. Mathias and G. Hartstein as sureties, and after the assignment, G. Krouch, as bondsman, appeared and made proof of a claim against the bank, as follows :

"State of Kansas, Pawnee county, ss. Personally appeared before me, the undersigned, a notary public in and for said county and state, G. Crouch, of Larned, Kas., who being duly sworn, says that he is one of the bondsmen of F. J. Mathias, city treasurer, who deposited the money in his hands in said bank as city treasurer to the credit of Larned city ; that the city of Larned has demanded the money of this affiant as city treasurer's bondsman ; that the Pawnee County Bank, of Larned, Kas., is justly indebted to this affiant, as bondsman, in the sum of $4,645.18, upon the following claim, to wit : Upon the deposit account as above stated in the sum of $4,645.18, which this affiant claims as bondsman of F. J. Mathias, city treasurer, aforesaid. This certificate of proof being made in behalf of G. Krouch and the other bondsmen of said F. J. Mathias, city treasurer — all of which is due and payable to himself alone, he having given no indorsements or assignments of the same or any part thereof ; and he further says that he knows of no setoff or other legal or equitable defense to said claim or any part thereof.

"G. KROUCH ; residence, Larned, Kas.

"Sworn to and subscribed before me this 6th day of December, 1893. Witness my hand and notarial seal.

[SEAL]   GEORGE W. FINNEY, *Notary Public.*"

This proof was filed with M. A. W. Jordan, as assignee, and by him allowed, as such assignee, on December 6, 1893. On the 13th day of January, 1894, the assignee declared a dividend of 10 per cent. This dividend upon the claim allowed to G. Krouch, amounting to $464.51, was paid January 15, 1894, by a check of M. A. W. Jordan, as assignee, to G. Krouch, bondsman. This was turned over to T. McCarthy, as city treasurer, who succeeded F. J. Mathias, and it was credited on the account of F. J. Mathias, the defaulting treasurer. On the 23d day of January, 1894, the city of Larned brought an action on the official bond of Mathias, as city treasurer, which suit was subsequently dismissed by it. On August 11, 1894, while the action on the bond was pending, the plaintiff having learned that another dividend was about to be declared by the assignee, and without making any demand upon the assignee to be made a preferred creditor, and without tendering back to the assignee the amount received from G. Krouch, the bondsman of F. J. Mathias, commenced this action, and procured a restraining order to be served upon the assignee, enjoining him from declaring or paying such dividend or any other until the further order of the court. Issues were joined and the case tried at the September, 1894, term of the court without a jury. Judgment was rendered for the defendant. The plaintiff excepted, and brings the case here.

*A. T. Casey, G. P. Cline,* and *Ady, Peters & Nicholson,* for plaintiff in error.

*W. H. Vernon,* and *F. Dumont Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is admitted in this case that the money deposited in the Pawnee County Bank was a trust fund, and never belonged to the bank. It is further admitted that the assets of the bank came into the hands of M. A. W. Jordan, as assignee, impressed with the trust. (*Myers v. Board of Education,* 51 Kas. 87.) It seems also to be admitted upon the part of the defendant below that it would have been possible for the plaintiff, at the time the assignee took charge of the assets of the Pawnee County Bank, to have maintained this action to subject all of such assets to the payment of the trust fund; but it is contended that the city had another remedy, which it elected to pursue, and having made a choice between two inconsistent remedies, it is estopped to claim the other. The contention is that, after the city received notice of the time and place of allowing demands against the estate of F. J. Mathias, the defaulting treasurer, due proof of the account of the city against Mathias was made for the city of Larned; that this was allowed to it as a general creditor; that subsequently the city, as a creditor of the bank, received a dividend of $464.51; that it still retains this money, and cannot now claim the deposit made by F. J. Mathias as a trust fund.

If it were true that the city, through its proper officials, had presented to the assignee of the Pawnee County Bank a demand on account of the deposit as a general creditor, and had obtained an allowance of any part thereof, then, having made an election with a knowledge of the important facts affecting its rights, it could not abandon its first election and adopt the opposite remedy. (*Plow Co. v. Rodgers,* 53 Kas. 743.)

But in this case neither the city of Larned nor its city treasurer, nor any of its officers, presented any demand to the assignee of the bank for allowance. The city demanded the money due from F. J. Mathias of G. Krouch and other bondsmen, and G. Krouch presented to the assignee his demand, alleging "that the bank is justly indebted to this affiant, as bondsman, for the amount of the deposit upon the following claims, to wit: Upon the deposit account, as above stated, in the sum of $4,645.18, which this affiant claims as bondsman of F. J. Mathias, city treasurer, aforesaid." And further alleging "This certificate of proof being made in behalf of G. Krouch and the other bondsmen of said F. J. Mathias, city treasurer —all of which is due and payable to himself alone." Krouch did not attempt, in the presentation of his demand, to act for the city or to present any claim or demand in behalf of the city   No allowance was made to the city of Larned by the assignee. The assignee allowed the demand of G. Krouch only. . Whether this allowance was properly made or not by the assignee we need not now inquire. The city of Larned could not obtain any dividend from the assignee upon the allowance made to Krouch, and when the dividend was paid by the assignee the check was not made to the city, or to its city treasurer, or to any officer of the city. The assignee, in accordance with the proof of the demand of Krouch, issued to him a check for the 10 per cent. dividend, amounting to $464.51.    This was turned over to the city treasurer, and credited upon the account. If Krouch, as a bondsman of F. J. Mathias, had paid $100 or any other sum to the city treasurer to satisfy a part of the indebtedness of F. J. Mathias, it would have been the duty of the city treasurer to have accepted the same and properly

9—55 KAS.

credited it.    This is all that was done according to
the record as presented.

. There is nothing in the record showing that the city
of Larned considered itself a creditor of the Pawnee
County Bank, or ever presented any demand or ratified
the proof of any demand made by any other person to
the assignee of the bank as a creditor.    Therefore it
does not appear from the record that the city of Larned
has attempted to pursue two inconsistent remedies.
In fact the city has declined to be recognized as a
general creditor of the bank.    By accepting the check
issued to G. Krouch as bondsman, and applying this
upon its account with F. J. Mathias, the city did not
adopt the demand of Krouch as an allowance to the
city.    ( *McLeod v. Evans,* 66 Wis. 401 ; *City of Leaven-
worth v. Rankin,* 2 Kas. 357.)    The assignee of the bank
did not recognize the city as a creditor in allowing the
demand of Krouch, and did not recognize the city as
a creditor, or entitled to the allowance or to any part
of the dividend thereon, when it made its first dividend
payable to G. Krouch, bondsman.    Unless Krouch
pays voluntarily to the city the dividends that he may
receive upon his demand, the city, even if it had not
enjoined the payment of further dividends, could not
obtain any part thereof.

Upon the authority of *Myers v. Board of Education,*
51 Kas. 87, the judgment will be reversed, and the cause
remanded for a new trial.

All the Justices concurring.