THE NATIONAL BANK OF. ILLINOIS v. THE FIRST NATIONAL BANK OF EMPORIA, KANSAS.

No. 8617.

CHATTEL MORTGAGE—*Foreclosure—Election of Remedies.* A firm executed a chattel mortgage on a stock of goods to secure its indebtedness to two banks, one at Emporia and the other in Illinois; the Emporia bank accepted the security, but the Illinois bank refused to do so, and it and other creditors sued out attachments on the ground that the chattel mortgage was fraudulent as to creditors; the Emporia bank foreclosed the mortgage, making the Illinois bank and other attaching creditors parties defendant; after years of litigation the chattel mortgage was sustained and the attachments were held for naught; the Illinois bank then asked to be let in under the chattel mortgage, and for its proportion of the proceeds of the sale of the goods according to its terms. *Held,* that the court properly refused the request..

57  115
57  367
57  115
61  789
f61  790
57  115
79  763
d79  765
57  115
e81  759

*Error from Barber District Court.*
*Hon. G. W. McKay, Judge.*

AFFIRMED.                         OPINION FILED JUNE 6, 1896.

STATEMENT BY THE COURT.

THE firm of Lovejoy & Glasscock, being indebted to the plaintiff in error in the sum of $20,000, and to the defendant in error in the sum of $10,000, on August 30, 1886, executed a chattel mortgage on a stock of goods at New Kiowa to C. J. Lovejoy, one of the three members of the firm, purporting to indemnify him as surety for the indebtedness to said banks, the amount of each being stated in the chattel mortgage.    The Emporia bank accepted the security of said chattel mortgage, but the Illinois bank levied an attachment upon the goods on the ground that said chattel mortgage was fraudulent and void as against creditors.    Ridenour, Baker & Co. and other creditors also caused attachments to be levied upon the stock of goods.    Afterward the Emporia bank commenced an action to foreclose said chattel mortgage, making the attaching creditors defendants therein. The court held that the chattel mortgage was fraudulent as against creditors, and the Emporia bank brought the case to this court, making Ridenour, Baker & Co., The National Bank of Illinois and other attaching creditors defendants in error.    This court held that C. J. Lovejoy was merely a nominal mortgagee, and that the mortgage should be construed as if given directly to the two banks.    The judgment of the court below was therefore reversed, and the cause remanded, with instructions for the court below to enter a decree in favor of the Emporia bank for the foreclosure of its mortgage and the application of the proceeds thereof to the payment of its debt. (*National*

*Bank v. Ridenour*, 46 Kan. 707.)   The goods had been sold and the net proceeds ($4,230) applied to the payment of the claims of the attaching creditors.

After the return of the mandate of this court to the court below, the Illinois bank, on September 18, 1891, filed its motion asking judgment foreclosing the mortgage and. establishing the same as a trust in favor of both banks, and for the application of the proceeds thereof *pro rata* between them in proportion to the amount of their respective claims, withdrawing all objection or opposition to said mortgage and accepting the same in full, and all the provisions therein made for its benefit, and tendering into court the sum of $450 as the amount received by it under the previous order of the court in excess of the amount to which it would be entitled under and by virtue of said mortgage, together with the legal interest thereon. This motion was overruled, and the court ordered the attaching creditors who had received the proceeds of the sale of the goods to pay the same to the Emporia bank or to the clerk of the court for its use.   The Illinois bank excepted to said order, and its petition in error here is to reverse the order overruling its motion and the order for the application of the proceeds toward the payment of the claim of the Emporia bank.

*Wall & Brooks*, for plaintiff in error.

*L. B. Kellogg*, and *Stanley & Vermilion*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. :   It was held by this court in *Plow Co. v. Rodgers*, 53 Kan. 743, 749, in accordance with numerous authorities, that an election by a party of one of two inconsistent remedies, once fairly made with knowl-

edge of the facts, is binding and conclusive, so that he cannot abandon it and choose the opposite remedy, and this case was cited and followed in *City of Larned v. Jordan*, 55 Kan. 124, 128, although it was held in that case that the party had not before made an election.    The principle was well stated in *Thompson v. Howard*, 31 Mich. 309, 312, where the supreme court of Michigan said :

"A man may not take contradictory positions, and where he has a right to choose one of two methods of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again."

In the case now under consideration, the Illinois bank had the option of accepting the security of the chattel mortgage or rejecting it.    In the latter case, it might bring suit and obtain an attachment on the ground that the chattel mortgage was fraudulent and void as to creditors.    It chose that course, and for five years it litigated against the Emporia bank to defeat the claim of the latter under the chattel mortgage, and to obtain the entire proceeds of the sale of the goods by means of its attachment suit.    The chattel-mortgage security was not only repudiated, but made the ground for the writ of attachment.    The respective remedies upon the chattel mortgage and the at tachment were therefore altogether inconsistent with each other, and the plaintiff, having taken and so long pursued its remedy by attachment, must be content with the result.

The plaintiff in error claims that a party who imagines that he has two or more remedies, or who misconceives his rights, is not to be deprived of all remedy

because he first tried the wrong one, and cases are cited in support of this proposition ; but we think it has no application to such a case as this.    The case of *In re Van Norman*, 41 Minn. 494, appears, however, to go beyond this, and to decide that a creditor may contest the validity of a general assignment for the benefit óf creditors, and, being defeated, may afterward prove up his claim and be entitled to distribution in the same manner as other creditors.    There may be a distinction between an attack upon a general assignment and one upon a chattel mortgage expressly made for the benefit of the party who afterward attacks it, but, unless such distinction obtains, we could not agree to the doctrine asserted by the supreme court of Minnesota.

The judgment of the court below will be affirmed.

All the Justices concurring.