69  463
s80  302

ADAM ROTH GROCERY COMPANY, Respondent, v. A. C.
LEWIS, Defendant; GEORGE ASHTON, Interpleader,
Appellant.

### St. Louis Court of Appeals, February 23, 1897.

1. **Sale, Bill of, by Insolvent Debtor**: COMPETENCY OF TESTIMONY
OF DEBTOR TO PROVE INTENTION OF SALE. Where the terms of a bill
of sale by an insolvent debtor were not such as to render the
transaction fraudulent in law as against his creditors, the exclusion
of his testimony offered to prove that he made the sale with no inten-
tion of defrauding or delaying his creditors, but for the purpose of pay-
ing all his debts, was error.

2. ———: RIGHT OF INSOLVENT DEBTOR TO DISPOSE OF PROPERTY TO PAY
CREDITORS. An insolvent debtor may make such sale of his property
as he may deem necessary to pay off his creditors, and for such pur-
pose he may sell for cash or on time; and the fact that the sale hin-
ders or delays the creditors will not avoid it. *Dougherty v. Cooper*, 77
Mo. 528; *Seger v. Thomas*, 107 *Id.* 635, distinguished.

3. ———: ATTACHMENT: EVIDENCE. In attachment, a bill of sale by
an insolvent debtor was evidence of a complete bargain, and the sale
was not void as to the attaching creditor because the goods sold had
to be invoiced, and the price of damaged goods subsequently ascer-
tained, where the invoice was taken, the price to be paid for dam-
aged goods agreed on, and possession given before the writ of attach-
ment issued.

4. ———: ———: PART PAYMENT OF PURCHASE MONEY. The principle
that where the purchaser has paid only part of the purchase money,
he can only be protected *pro tanto*, can not be invoked, except where
the sale is made with fraudulent intent, and the purchaser has knowl-
edge of such intent.

5. ———: ATTACHMENT OF GOODS IN HANDS OF INTERPLEADER: SUMMON-
ING OF INTERPLEADER AS DEBTOR OF DEFENDANT. The attachment of
goods in the hands of interpleader, and, at the same time, summon-
ing him as debtor of the defendant in the attachment, was not the
adoption of inconsistent remedies.

*Appeal from the Louisiana Common Pleas Court.*—Hon.
REUBEN F. ROY, Judge.

REVERSED AND REMANDED; all the judges concurring,
Judge BOND in the result.

*W. H. Morrow* and *N. W. Morrow* for appellant.

The interpretation of *Seger v. Thomas*, 107 Mo.
635, as given by the court, that a sale by one in debt,
and insolvent, is fraudulent in law, regardless of the
intent of the seller or the good faith of the buyer, if
the sale be partly for cash and partly on credit, evi-
denced by negotiable paper, is at variance with an un-
broken line of decisions to the contrary. *Gens & Tiede
v. Hargadine*, 56 Mo. App. 245; *Sammons v. O'Neil*, 60
*Id*. 530; *Dougherty v. Cooper*, 77 Mo. 528; *Hill v. Tay-
lor*, 125 *Id*. 331, 342; *Baker v. Harvey*, 34 S. W. Rep.
(Mo.) 853, 855; *State ex rel. v. Purcell*, 33 *Id*. 13.

Interpleader having shown he had purchased de-
fendant's goods for a valuable consideration, and that
he was in absolute possession of them at the time the
attachment was made upon the goods, it was not in-
cumbent for him to show more to entitle him to recover
until his *prima facie* case was assailed by some evidence
of fraud. *Morgan v. Wood*, 38 Mo. App. 255; *Albert
v. Besel*, 88 Mo. 150.

A party will not be allowed to come into court oc-
cupying inconsistent positions. He can not say that
the property attached is the property of the attached
defendant and at the same time the property of inter-
pleader, for the purchase price of which he must answer
to respondent as debtor of such defendant. *Nanson v.
Jacob*, 93 Mo. 331; *Johnson-Brinkman Co. v. Bank*, 116
*Id*., at 574; *Milling Co. v. Walsh*, 20 Mo. App. 107;
*Lapp v. Ryan*, 23 *Id*. 436; *Soap Works v. Sayers*, 51 *Id*.

310; *Johnson-Brinkman Co. v. R'y*, 126 Mo. 344; *Stokes v. Burns*, 132 *Id.* 214.

*J. W. Reynolds* and *Pearson & Pearson* for respondent.

A contract is only an agreement to sell, and does not become a sale if anything in which the seller must co-operate, or which imposes a liability or duty on him, remains to be performed, as inspecting, etc. Title does not pass by such executory agreements. *Thomas v. Ramsey*, 47 Mo. App. 84, 99; Tied. on Sales, sec. 87.

The bill of sale in this case both hindered and delayed the creditors of A. C. Lewis, and would have given him power to have defrauded them. *Seger v. Thomas*, 107 Mo. 635; *Elser v. Graber*, 69 Tex. 222; *Seligson v. Brown*, 61 *Id.* 180; *Openheimer v. Haeff*, 4 S. W. Rep. 562.

The effect of the instrument would have been to have delayed, hindered, and perhaps defrauded creditors, and evidence of the parties thereto that their intention was fair was clearly inadmissible. See authorities, *supra;* also, *Bigelow v. Stringer*, 40 Mo. 195; *Gens & Tiede v. Hargadine*, 56 Mo. App. 245, 249.

Sale of property with intent to hinder and delay, or defraud creditors, and the knowledge of such intention on the part of the voluntary purchaser, will render the sale void, although he may pay a valuable consideration. *Sexton v. Anderson*, 95 Mo. 373; *Dougherty v. Cooper*, 77 Mo. 529; *Frederick v. Allgaier*, 88 Mo. 601.

As to what it is necessary for interpleader to prove to entitle him to recover in this cause, see *Dougherty v. Cooper, supra.*

Interpleader can only claim from the stock of goods sufficient to reimburse him for what he had paid

before notice of the fraudulent intent of defendant Lewis. *Dougherty v. Cooper, supra; Dilworth v. Mc-Kelvy*, 30 Mo. 150; *Boutelle v. Warne*, 62 Mo. 350.

BIGGS, J.—The plaintiff sued the defendant by attachment before a justice of the peace, and the constable levied upon a portion of a stock of goods as the property of Lewis. Ashton claimed to be the owner of the property attached and he filed an interplea under the statute denying that Lewis had any interest therein. On the trial of the interplea before the justice the finding and judgment were for Ashton, and the plaintiff took an appeal to the Louisiana court of common pleas. On the trial in the latter court the interpleader introduced evidence which tended to prove that the goods in question were a portion of a stock of groceries which formerly belonged to Lewis; that on the evening of the thirtieth of January, 1896, the interpleader purchased the entire stock from Lewis, upon the terms stated in bill of sale of that date; that the invoice of the goods was taken on the thirty-first and possession given on the evening of that day, and that on the evening of the next day, to wit, February 1, the constable made the levy. The interpleader read in evidence the bill of sale referred to, which is as follows:

"For and in consideration of the premises hereinafter stated, I, A. C. Lewis, of the city of Louisiana, Mo., have this, the thirtieth day of January, 1896, bargained, sold and transferred to George Ashton, of St. Louis, Mo., my entire stock of groceries, goods, wares and merchandise, together with all fixtures and appliances therewith connected now in my storeroom, No. 413 Georgia street, between 4th and 5th streets in said city of Louisiana, also one team (two horses and wagon) used for delivery team. The said George Ashton on his part agrees and hereby promises to pay

said Lewis seventy-five (75) per cent of the invoice market price of said goods, wares, merchandise and fixtures, less such deduction, to be mutually agreed upon between Lewis and Ashton, as may be made upon damaged or unmarketable goods or upon goods in excess of quantity usually proportionate to similar stock of goods. For said stock of goods, wares, merchandise and fixtures and team, the said Ashton to pay to said Lewis on the valuation thereof, to be determined as above, five hundred (500) dollars cash and assume all the indebtedness of said Lewis to, Bauer Grocery Co., of St. Louis, Mo., and the balance to be paid in monthly installments of two hundred (200) dollars per month, for which said Ashton is to execute his negotiable promissory notes for each of said monthly installments, to bear six per cent interest per annum. Said Lewis is to pay all taxes due and legally assessed against said property.

"All coupon books issued in the name of A. C. Lewis and taken up by said Ashton shall be accepted by said Lewis as a payment on the indebtedness of Ashton to Lewis at their face value less 2 1-2 per cent. Said Lewis also hereby leases to said Ashton for the term of one year with the privilege of three (3) years, the aforesaid storeroom, No. 413 Georgia street, at the rate and rental of thirty (30) dollars per month, to be paid monthly.

"Witness our signatures this 30th day of January, 1896.

"A. C. LEWIS.
"Geo. ASHTON."

The evidence for the interpleader was also to the effect that on the thirty-first of January he made the cash payment mentioned in the bill of sale. The interpleader offered proof to the effect that the price at which the goods were purchased, was fair and reason-

able; that he made the purchase in good faith and without any knowledge of the insolvency of Lewis, or that he was indebted, except as stated in the bill of sale, and that he had declined to execute his notes to Lewis for the balance of the purchase money by reason of the attachments of plaintiff and other creditors of Lewis. He also offered to prove that at the time the attachment writ was served he was garnished under it and that in answer to the garnishment, which was filed on the thirteenth day of February, 1896, he admitted that he was indebted to Lewis on account of the purchase of the goods, in the sum of $2,400, payable in monthly installments of $200 each, and that the first installment would become due on the twenty-ninth of February, 1896. He also offered to prove by Lewis that he made the sale with no intention of defrauding or delaying his creditors, but for the purpose of paying all of his debts. The court excluded all of this evidence. It was admitted by counsel for interpleader that at the time of the sale Lewis was insolvent. Thereupon the court of its own motion instructed the jury to find the issues on the interplea for the plaintiff, which was done and judgment entered accordingly. The interpleader has appealed and complains of the action of the court in rejecting the evidence offered by him and also of the instruction.

It may be remarked here that the offer of proof made by the interpleader was after he had closed his evidence and after the court had intimated that a peremptory instruction to find the issues for the plaintiff would be given. In order to strengthen his case he offered the rejected proof, the court having reopened the case for the purpose of allowing the offer to be made. The bill of sale is regular on its face and its execution is not disputed, and the other evidence intro-

duced by the interpleader clearly tended to prove that at the time the attachment writ was issued and served, the interpleader held the actual possession of the goods. This made a *prima facie* case for him and cast the burden on the plaintiff to show that the sale was fraudulent (*Albert v. Besel*, 88 Mo. 150), unless the terms of the sale rendered the transaction fraudulent at law as against the creditors of Lewis. This latter view must have been entertained by the trial court, and if it is the correct view, then it was immaterial whether the parties acted in good faith or not. If incorrect, then the evidence should have been admitted, although the interpleader at that stage of the proceeding assumed an unnecessary burden.

*BILL of sale by insolvent debtor: competency of testimony of, to prove intention of sale.*

To vindicate the instruction in this case we must hold that under no circumstances can an insolvent debtor make a valid sale of his property *on time*. This is not the law in this state, as has been repeatedly decided.

*RIGHT of insolvent debtor to sell property to pay creditors.*

In the case of *Dougherty v. Cooper*, 77 Mo. 528, it was decided that "an embarrassed debtor may make sale of his property which he deems advantageous to enable him to raise the necessary means of paying off his creditors and to prevent its sacrifice at forced sale under execution, and for this purpose the law recognizes his right to sell for cash or *on time*.     *     *     *     *The fact that the sale may or does have the effect to hinder or delay the creditors is not sufficient to avoid it.*" In the very recent case of *State ex rel. v. Purcell*, 33 S. W. Rep. 13, the supreme court reaffirms the doctrine of the *Dougherty* case. Judge MACFARLANE, who wrote the opinion, says: "There is no doubt that a debtor in failing circumstances has the right to dispose of his property in order to obtain money for the purpose of paying his debts. *This is so, though the sale may in fact*

*hinder and delay his creditors.* But this right has coupled with it the condition that the sale is made with an honest purpose." In the subsequent case of *Baker v. Harvey,* 34 S. W. Rep. 853, the language of the opinion in the *Dougherty* case is quoted and unqualifiedly approved. Doubtless the trial judge found something in the case of *Seger v. Thomas,* 107 Mo. 635, which in his opinion justified the instruction which he gave, for the decision in that case is the only one in this state which even seemingly tends to support it. In that case it was admitted that at the time of the sale of the goods (which comprised all of the defendants' property) the defendants were insolvent and their creditors were pressing for the payment of their claims. It was also admitted that the interpleader (who was the purchaser) knew of the financial condition of his vendors. It was claimed that the defendants owed the interpleader $2,680. The price of the goods was $4,500. The goods were paid for by the cancellation of the alleged debt and the execution of a note by the interpleader for $1,820, which was made payable to the defendants or their order one year after the date of sale. On this state of facts it was held that the necessary effect of the sale was to hinder and delay other creditors of the defendants, and that the parties must be held to have intended that the transaction should have that effect. The considerations which induced the court to so hold, were that the defendants were insolvent and known to be insolvent by the interpleader at the time the sale was made, and that all of the property owned by defendants was conveyed. In the case at bar there is no evidence that Ashton knew that Lewis was insolvent or that he was indebted except as stated in the bill of sale. This distinguishing feature seems to have been treated as of paramount consideration in the *Seger* case, and it must be so construed by us, for

otherwise the ruling would be contrary to the doctrine of the *Dougherty* case, which, as we have shown, has been reaffirmed in two subsequent cases, and must now be regarded as the settled law of this state. Hence we are justified in declining to apply the doctrine of the *Seger* case to the present case.

It is suggested by counsel that the bill of sale is not evidence of a complete bargain, in that the goods had to be invoiced and the price of damaged goods had to be subsequently ascertained, and that for these reasons the attempted sale was void as to the respondent. This argument goes for nothing, for the reason that the evidence for the plaintiff tended to prove that the invoice had been taken (except as to a small lot of tinware), the price to be paid for damaged goods had been agreed on, and possession of the entire stock given to Ashton before the writ of attachment issued.

*Bill of sale: attachment: evidence.*

It is also suggested by counsel for respondent that as Ashton had paid only a portion of the purchase money for the goods, he could only be protected *pro tanto.* This principle could only be invoked in case it was determined that Lewis made the sale with a fraudulent intent, and that Ashton was not aware of his intention or purpose. Whether this equitable principle can be applied and successfully worked out in a statutory proceeding of interpleader, we need not decide. The record before us does not present such a case. A discussion of the question will be found in the opinion in the *Dougherty* case.

*Part payment of purchase money.*

Counsel for appellant insist that the plaintiff by attaching the goods in the hands of Ashton and at the same time summoning him as the debtor of Lewis,

State ex rel. v. Souders.

ATTACHMENT of goods in hands of inter. pleader: summoning of interpleader as debtor of defendant. adopted inconsistent remedies. We can not agree to this. The plaintiff may have had good reason to believe that Ashton was indebted to Lewis on other accounts than the purchase of the goods. There is nothing in the testimony to the contrary.

Our opinion is that the trial court committed error in giving the instruction complained of, and for this reason its judgment must be reversed and the cause remanded. All the judges concur; Judge Bond in the result.