W. B. HOMER, *as Assignee of Ripley & Bronson*, v. A. H. McCORMICK AND THE SNOW STEAM PUMP WORKS, OF BUFFALO, N. Y.

### No. 459.*

ELECTION OF REMEDIES — *Agency* — *Estoppel*. Where the findings of fact show that the goods sued for were not charged to the defendant, but to other parties who are now alleged to have acted as agents only, the presentation and allowance of a claim for the value of the goods against the insolvent estate of the alleged agents constitute an election of remedies, and estop the claimant from recovering therefor against the final purchaser.

Error from Brown district court; R. M. EMERY, judge. Opinion filed April 26, 1899. Reversed.

*Means & Smith*, for plaintiff in error.

*Jas. A. Clark*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : This action was begun by W. B. Homer, assignee of Ripley & Bronson, against A. H. McCormick and the Horton Water Company, to recover $1217.45 claimed to be due plaintiff from defendants for supplies used in the erection of a system of water-works in the city of Horton. In answer, the defendants pleaded payment for all the merchandise purchased by them of plaintiff, but alleged, in substance, that a certain engine and fixtures were purchased by them of plaintiff's assignors, as agents for the Snow Steam Pump Works, for $1191.50, on which they had paid $200, leaving a balance due of $991.50, which they were ready and willing to pay, but were prevented from doing so because the plaintiff and the Snow

---

*Petition for order to certify denied by supreme court June 24, 1899.—REP.

Steam Pump Works both claimed the same and demanded payment thereof. In reply, the plaintiff claimed that said goods were shipped by the pump works to Ripley & Bronson, the assignors of plaintiff, and charged to them, and that they had presented a claim therefor to the plaintiff as assignee, and had obtained judgment therefor under the assignment laws of Missouri.

Afterward, by leave of court, the Snow Steam Pump Works, of Buffalo, N. Y., filed its interplea, asking judgment against A. H. McCormick for the sum due for said goods and remaining unpaid, alleged to be $1041.50 and interest, and such other relief as the court in equity might deem proper. To this interplea a general denial was filed by the plaintiff. The issues thus formed were tried to a jury, who found a general verdict for the interpleader, and in answer to special questions found that the account of the interpleader was charged by it to Ripley & Bronson; that the names of the defendants did not appear on its books, and that a claim therefor was presented to the plaintiff as assignee and allowed against the estate of Ripley & Bronson. The plaintiff filed his motion for a new trial and for a judgment in his favor on the special answers, both of which were overruled. Judgment was rendered in favor of the interpleader against A. H. McCormick, and the case is brought here for review.

That the defendant McCormick owed the money seems to have been conceded by all parties, and the only controversy before the jury or settled by the judgment was whether that money was due the plaintiff or the interpleader, and as there does not seem to have been any adjudication as to the Horton Water Company, we cannot see how its rights can be affected by any review of this case. There seems to have been

some controversy as to the day on which the service of the case was made, but as the later day was within the time allowed we do not see that it requires any consideration.

Upon the merits, there is just one question requiring consideration : Does the fact that the goods in controversy were charged to Ripley & Bronson and that payment therefor was demanded of them, and that an account including said claim was presented to the assignee and allowed, constitute such an election of remedies as to preclude the claimant from asserting that the goods were sold by Ripley & Bronson as their agents, and that the purchaser was debtor to them therefor? We think it does. That the recovery sought in the assignment proceeding is inconsistent with that sought in this is too plain to admit of argument, and we find nothing to indicate that the election was made in such ignorance of the facts as to leave the claimant free to make another election. Under the authority of *National Bank v. National Bank*, 57 Kan. 115, 45 Pac. 79, and authorities therein cited, and of *Burrows v. Johntz*, 57 Kan. 778, 48 Pac. 27, this judgment cannot be sustained.

The judgment of the district court will be reversed and a new trial of the issues therein directed.