THE BANK OF SANTA FE v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF HASKELL.

**No. 11,640.**   ( 60 Pac. 1062.)

1. ACTION BY COUNTY—*Name*—*Estoppel.*   When a board of county commissioners prosecutes an action for the recovery of money belonging to the county, first, in the name of the state, on the relation of the county attorney, and second, in the name of the county treasurer, and in such action causes the issuance and levy of an attachment on the debtor's property, and through the county attorney and the county treasurer defends the attachment as against an execution creditor, it cannot finally defend against a motion by the execution creditor for an order to deliver up the property to the sheriff for sale under the creditor's execution, on the ground that it had not been by name formally made a party to the case.

2. ELECTION OF REMEDIES—*Assignment and Delivery, or Attachment.*   When a debtor assigns and delivers property to his creditor in payment of the debt, and the creditor, instead of holding the property and applying it on the debt, causes the issuance and levy of an attachment on it as the property of the debtor, and as against the execution creditor of their common debtor litigates their adverse rights thus to levy on the property and apply it,

50—61 KAN.

through judicial proceedings, on their debts, he cannot, when defeated in the litigation, set up his claim on the property by reason of the assignment and delivery which had been made to him, but will be held to have waived his rights under the assignment and delivery and to have elected the remedy by suit and attachment.

Error from Haskell district court; WM. EASTON HUTCHISON, judge.    Opinion filed May 5, 1900.    Reversed.

*Milton Brown*, for plaintiff in error.

*W. R. Hopkins*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This is the third time this case has been to this court. (*Bank of Santa Fe v. Haskell Co. Bank*, 54 Kan. 375, 38 Pac. 485; *Bank v. Bank*, 59 id. 354, 53 Pac. 132.) A brief reference to the facts shown upon the former hearings and a statement of one or two additional matters occurring since then will suffice to present the substantial questions now at issue.    The Haskell County Bank was the depositary of the county funds.    It was insolvent.    On March 2, 1894, it assigned and delivered all its assets to the board of county commissioners as security for the repayment of the county deposits.    On the next day the county attorney commenced an action against the Haskell County Bank to recover the amount of the county funds, and at the same time he caused the issuance of an attachment and its levy on the property of the bank which the day before had been assigned and delivered to the board of commissioners. This action was brought in the name of the state of Kansas, on the relation of the county attorney.    On March 12, 1894, the Bank of Santa Fe recovered a judgment against the Haskell County Bank and soon

thereafter issued an execution and placed it in the hands of the sheriff who had made the attachment just spoken of, and who was holding the attached property. The Bank of Santa Fe claimed that placing this execution in the hands of the sheriff constituted a levy on the attached property, and it therefore intervened in the case of *The State, ex rel., v. The Haskell County Bank* by motion, asking for the discharge of the property from the attachment that had been issued and levied in that case. This motion was denied; not, however, upon its merits, but upon the ground that an execution creditor had no right thus to intervene in the suit of an attachment creditor against their common debtor. This ruling was reversed upon the first proceeding in error to this court.

At the same time that the motion of intervention was denied in the district court the petition in the attachment suit was amended by the substitution of the county treasurer in the place of the state of Kansas as plaintiff; and subsequently a judgment was rendered in his favor for the amount claimed. After the reversal of the case, the motion of the Bank of Santa Fe for the discharge of the attachment was renewed and again denied; that time, however, because the evidence showed it had not caused what, in law, should be regarded as a levy of its execution on the attached property. Error was again prosecuted to this court, and the ruling of the district court again reversed, on the ground of the exclusion of competent testimony to prove the making of the levy. Upon the return of the case to the district court, the Bank of Santa Fe again renewed its motion for a discharge of the attachment before spoken of, and for an order for a delivery of the property to the sheriff for the purpose of sale under its execution. The property

had been in the meantime put in the hands of a receiver. Upon the hearing of these motions, proof was made of the long-disputed levy of the execution on the property in question. The motion to discharge the attachment was sustained, but the motion to compel the delivery of the property to the sheriff was denied. From the order denying this motion the Bank of Santa Fe has again prosecuted error.

The grounds for the ruling by the court below were that the board of county commissioners had not been made a party to the record in such a way as to make it amenable to the motion for order to deliver up the property, and, also, that it was entitled to hold the property by virtue of the assignment and delivery to it of the bank's assets, made on the 2d of March, 1894, as security for the county deposits. The first of these reasons is erroneous. The board of county commissioners throughout the litigation was the real party in interest. It was not at first made a party upon the pleadings, but subsequently was made such, and in fact it appeared so at all times by the county attorney, although the case was at first entitled in the name of the state of Kansas and subsequently in that of the county treasurer. The case was not nominally entitled in the name of the board of county commissioners as plaintiff, but the interests involved were the interests of the county, and as such have been most diligently and pertinaciously defended by the board of commissioners, the county treasurer, and the county attorney. It is too late now for the board of commissioners to interpose the objection that it is not and has not been in court to answer the contentions of the Bank of Santa Fe for the possession of the property in dispute.

The board of commissioners is also estopped from

claiming the property under the assignment and de-
livery of it which was made to it on the 2d of March,
1894. It is estopped by reason of the election it made
of the remedy by suit and attachment. For the rea-
sons just stated, it is not permitted to deny that such
suit and attachment were authorized. It pursued
that remedy to its finality. After pursuing a remedy
based upon the theory that the property in question
was the property of the Haskell County Bank, upon
which it had no claim other than an attachment levy,
and causing the Bank of Santa Fe to litigate with it
through a number of years over the validity of the at-
tachment lien as against the execution lien, it cannot
now be heard to say that the property all the time be-
longed to it by virtue of the assignment and delivery
under which it might have claimed in the first instance.
" It is certainly the established law, in every state that
has spoken on the subject, that the definite adoption
of one of two or more inconsistent remedies, by a
party cognizant of the material facts, is a conclusive
and irrevocable bar to his resort to the alternative
remedy." (7 Encyc. Pl. & Pr. 364.)

The doctrine of estoppel by election of remedies has
been frequently applied in this state. (*Plow Co. v.
Rodgers*, 53 Kan. 743, 37 Pac. 111; *City of Larned v.
Jordan*, 55 id. 124, 39 Pac. 1030; *National Bank v.
National Bank*, 57 id. 115, 45 Pac. 79; *Blaker v. Morse*,
60 id. 24, 55 Pac. 274.) An estoppel to claim prop-
erty as belonging to one's self has been frequently en-
forced when, by signing bonds in judicial proceedings,
the right of property in another has been impliedly
admitted. (*Peterson v. Woollen*, 48 Kan. 770, 30 Pac.
128; *Case, Bishop & Co. v. D. M. Steele & Co.*, 34 id.
90, 8 Pac. 242.) In *Dyckman v. Sevatson*, 39 Minn.
132, 39 N. W. 73, the plaintiff was a first mortgagee

and the defendant a second mortgagee of personal property. The plaintiff sued to recover the amount of his mortgage indebtedness and caused the issuance of an attachment and its levy on the mortgaged property. The court stated the question to be: "Whether, by causing the property to be attached as the property of the mortgagor, the plaintiff did not elect a remedy upon grounds so inconsistent with his present claim of right to the property under his mortgage that the latter claim must be deemed to have been relinquished." Upon a review of several of the authorities, and upon reason, it was held that the plaintiff's (the first mortgagee's) election to proceed against the property by attachment was, as against the second mortgagee, conclusive upon his right to claim priority under the first mortgage. The case of *National Bank v. National Bank*, supra, is in principle quite like the Minnesota case just cited and quite like the one now under consideration.

The defendant in error moves to dismiss, principally upon the ground that the case-made was not served upon it in accordance with the order of the district court. This and other like claims for dismissal were heard upon conflicting evidence. Our judgment is that the motion should not be allowed. It is therefore denied, and the judgment of the court below is reversed, with directions to proceed in accordance with this opinion.