THE KANSAS CITY LIVE STOCK COMMISSION COMPANY V. THE BANK OF HAMLIN.

No. 15,870.     (101 Pac. 617.)

SYLLABUS BY THE COURT.

1. ELECTION OF REMEDIES — *Attachment* — *Waiver of Mortgage Security.* The holder of a promissory note which is secured by a chattel mortgage does not waive or lose his mortgage security by attempting to collect the note by proceedings in attachment or other recognized process provided by law for the collection of debts.

2. ———— *Same.* The holder of a promissory note which was secured by a chattel mortgage commenced an action on the note before it was due, and took steps to obtain an attachment therein, but did not do so. A motion was made by another attaching creditor of the maker of the note to dissolve the proceedings taken by the holder of the note to obtain an attachment. While this motion was pending the holder of the note dismissed its action without prejudice and filed an interplea in the pending attachment action. In this interplea it claimed a lien upon the attached property by virtue of its

mortgage, the note having matured and being then past due. A motion to dismiss the interplea upon the ground that the remedy under the mortgage was inconsistent with that sought to be obtained in the former action of attachment was allowed. *Held,* error.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed April 10, 1909. Reversed.

### STATEMENT.

AMOS MOORE, of Brown county, was indebted to several parties, among whom were the Kansas City Live Stock Commission Company and the Bank of Hamlin. The debt due the bank was evidenced by four promissory notes, aggregating the sum of $219.43. The notes became due August 10, 1906, September 14, 1906, and October 10, 1906, respectively. This indebtedness was unsecured. Amos Moore was unable to pay, and absconded. The bank, on November 17, commenced an action against Moore in the district court of Brown county to recover judgment upon this indebtedness, and caused a writ of attachment to be issued and levied upon certain property therein described belonging to Moore.

The debt due from Amos Moore to the Kansas City Live Stock Commission Company was evidenced by a promissory note, upon which there was the sum of $600 unpaid. The note was dated September 3, 1906, and became due December 3, 1906. On October 22, 1906, the commission company commenced an action for an attachment in the district court of Brown county upon the note, before it was due. In this action an affidavit for an attachment and an affidavit for publication were filed; an undertaking and a notice by publication were given. The writ of attachment, however, was not allowed as required by section 231 of the civil code, and none was issued. On December 21, 1906, the Bank of Hamlin moved to discharge the attachment in the action commenced by the commission company, on the

ground that the writ was unauthorized, not having been allowed as required by law. Afterward, February 15, 1907, the commission company dismissed its action without prejudice. On January 13, 1907, while the motion to dissolve was pending, the commission company filed an interplea in the pending case of the Bank of Hamlin against Amos Moore, in which it claimed judgment on its note, it having become due, and also claimed a prior lien upon the attached property under a chattel mortgage given by Amos Moore to secure the note. The bank then moved to dismiss the interplea upon the ground that the interpleader, having commenced an action in attachment, thereby elected to pursue that remedy, and was bound by such election and could not proceed under its chattel mortgage, as the two remedies were inconsistent with each other. The motion was allowed, and the interplea dismissed. This ruling of the court is assigned as error.

*S. M. Brewster,* and *Sample F. Newlon,* for plaintiff in error.

*Means & Archer,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The only question presented is whether or not the holder of a chattel mortgage can proceed by attachment to collect his debt without waiving the mortgage security.

It is elementary that two remedies which are inconsistent with each other can not be invoked at the same time. (7 Encyc. Pl. & Pr. 364; 15 Cyc. 262; *Plow Co. v. Rodgers,* 53 Kan. 743, 37 Pac. 111, 42 Am. St. Rep. 317; *City of Larned v. Jordan,* 55 Kan. 124, 39 Pac. 1030; *National Bank v. National Bank,* 57 Kan. 115, 45 Pac. 79; *Bank v. Haskell County,* 61 Kan. 785, 60 Pac. 1062.) It is equally elementary that all consistent remedies are freely open to the use of the litigant. This narrows the question to whether the two remedies

here involved are inconsistent with each other. The inconsistency which the rule is intended to prevent is one which requires the litigant to insist in one case upon that which he denies in another, as, when a vendor of property has not received the purchase-price from the vendee as stipulated, if the circumstances are such that the vendor can rescind the sale and recover the property or treat the sale as completed and sue the vendee for the price agreed upon, he must elect which of these remedies he will pursue, and, having elected, he will be bound thereby. In such a case the remedies are manifestly inconsistent. In the one he insists that the property belongs to the vendee, while in the other he claims to be the owner of the property and asks for its return. If, on the other hand, a vendor of property holds a note of the vendee for the purchase-price of the property sold, which note is secured by a mortgage, and the vendee makes default in payment of the note, the vendor may pursue any or all of the remedies given by law for the collection of a debt. He may commence an action to recover judgment upon the note and foreclose the mortgage; for sufficient cause he may also attach any property of the defendant not included in the mortgage; he may garnishee any other property or money which the debtor has in the possession of another; and he may also, after judgment, levy an execution upon any property of the defendant, not otherwise taken, which may be discovered. These remedies are not inconsistent with each other. They are all used for the purpose of enforcing the same right, and all aid in the accomplishment of that end, without conflicting with each other.

It has been held that the rule against the use of inconsistent remedies will not be applied to a litigant who begins an action upon a wrong theory, and after discovering his mistake dismisses the action without prejudice and commences another upon a theory incon-

.sistent with the former one. (*Johnson-Brinkman Co. v. Central Bank,* 116 Mo. 558, 22 S. W. 813, 38 Am. St. Rep. 615; *Anchor Milling Co. v. Walsh,* 20 Mo. App. 107; *Bunch v. Grave et al.,* 111 Ind. 351, 12 N. E. 517; *Gibbs v. Jones,* 46 Ill. 319.) This question does not arise here, however, as in our view the attempt made by the Kansas City Live Stock Commission Company to commence an action and obtain an attachment as upon a claim not due was entirely consistent with its interplea.

Our attention has been called to the case of *National Bank v. National Bank,* 57 Kan. 115, 45 Pac. 79, as one in which this court held that an attaching creditor could not participate under a chattel mortgage given to it because it adopted the remedy of attachment, which, under the circumstances of that case, was held to be inconsistent with its rights under the mortgage. An examination of the facts of that case shows, however, that the inconsistency which caused the court to exclude the Illinois bank from taking any right under the mortgage was its conduct with reference thereto, rather than because of the form of the remedy. The mortgage was tendered to the Illinois bank and the Emporia bank jointly. The Emporia bank accepted the mortgage, but the Illinois bank repudiated it as fraudulent and void, and upon that ground attached the property covered by the mortgage. This created a contest between the two banks as to the validity of the mortgage. After five years' litigation the mortgage was sustained. The Illinois bank was then willing to accept the security which it before repudiated and denounced as fraudulent. This litigation, the court said, made the remedies by attachment and by mortgage in that case inconsistent with each other, and the rule relating to inconsistent remedies was applied. For this reason that case has no application here.

There is no inconsistency between the remedy by

attachment and by chattel mortgage, when both are used by the same creditor, against the same debtor, for the collection of the same debt. (*Crossman et al. v. U. R. Co.*, 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91; *Grocery Co. v. Ashton*, 69 Mo. App. 463.)

The judgment of the district court is reversed, with direction to proceed in accordance with the views herein expressed.