# Logan, *et al. v.* Smith Bros. & Co.

## Detinue.

(Decided November 18, 1913. Rehearing denied December 9, 1913. 63 South. 766.)

1. *Execution; Property Subject; Mortgaged Chattel.*—Under the provisions of section 4091, Code 1907, a chattel mortgagor has an equity in the mortgaged property which is recognized at law so far at least as to render it subject to execution or levy under process against him.

2. *Election of Remedies; Chattel Mortgage; Detinue; Lien; Waiver.*—The fact that a mortgagee sued the mortgagor at law on the mortgaged debt and levied on the mortgagor's interest in the property, but without satisfaction of the debt, did not constitute a waiver of the mortgage lien so as to preclude the mortgagee from recovering the chattels in detinue.

3. *Trial; Reception of Evidence; Objection.*—Where there was nothing on the face of the note to indicate that it had been altered after execution, and no offer made to prove the fact on which the objection was based, an objection to the introduction of the note in evidence based on the ground that after its execution the word "surety" had been added, was properly overruled.

4. *Appeal and Error; Evidence; Harmless Error.*—Where the jury fixed the value of the mule at the sum shown by defendant's testimony any error in overruling an objection to a question calling for the value of the mule was not prejudicial to the defendant.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Detinue by the members of the firm of Smith Bros. & Co., against S. E. Logan and others for certain mules. Judgment for plaintiffs and defendants appeal. Affirmed.

BLACKMON, MERRILL & WALKER, and O. M. ALEXANDER, for appellant. The court was in error in sustaining demurrers to appellant's special pleas 2, A. and E. —*Fuller v. Eames,* 108 Ala. 464; *Thomason v. Lewis,* 103 Ala. 426; *Hickman v. Richburg,* 122 Ala. 638; *Cox*

*v. Harris,* 62 Am. St. Rep. 187; *Thompson v. Howard,* 31 Mich. 312; 59 Am. St. Rep. 434; 114 Mass. 175; 59 Mich. 179. The court should have permitted the defendant to show what he had offered the mules for sale for.

JAMES F. MATTHEWS, for appellee. As pleas of estoppel the pleas were bad.—*Stein v. McCauley,* 27 L. R. A. 692 (N. S.) 26 Am. St. Rep. 56; 6 N. E. 781; *Barker v. Bell,* 37 Ala. 354; *Tyson v. Webber,* 81 Ala. 470. Attention is especially called to the case of *Dix v. Smith,* 50 L. A. A. 714. The equity of redemption in mortgaged chattels is subject to levy and sale in this state.—Sec. 4091, Code 1907; 78 Ala. 182; 80 Ala. 521; 93 Ala. 283. The pleas cannot be said to be pleas of res judicata.—*Boswell v. Carlisle,* 55 Ala. 554; *Starnes v. Allen,* 58 Ala. 320. The prosecution to judgment of an action for the purchase price under a conditioned sale contract will not of itself operate to divest the vendor's title.—*Thomason v. Lewis,* 103 Ala. 426; *Forbes P. Co. v. Wilson,* 144 Ala. 586.

WALKER, P. J.—The demurrers to the special pleas raised the question whether a mortgagee of chattels loses the right to maintain detinue for them by having them levied on under an execution issued on a judgment which he recovered on the demand, for the security of which the mortgage was given. It is contended by the appellants (defendants below) that the appellees, by the mere fact of their having the property sued for levied on under execution, waived the right to claim it under the mortgage, or estopped themselves to assert such claim. The authorities in this state which are principally relied upon to support this position are the cases of *Fuller v. Eames,* 108 Ala. 464, 19 South. 366,

and *Hickman v. Richburg,* 122 Ala. 638, 26 South. 136. In the first-mentioned case it was held that the plaintiff therein, by having chattels attached as the property of the defendant, waived the right to set up a claim that he had retained title to them in himself, and that they had never become the property of the defendant. In the other case it was held that an attempt of the plaintiff to fix a materialman's lien in his favor upon certain lumber was an unequivocal act on his part to treat the lumber as the property of the defendant, and was a waiver and abandonment of a title to the lumber which he had reserved on a conditional sale of it to the defendant. In each of those cases the conduct of the plaintiff which was relied upon as a defense was regarded as wholly inconsistent with the claim which he was asserting in the suit. These rulings would control the result in this case if it is true that one is equally inconsistent who, after having had chattels levied upon under an execution in his favor, sues to recover them under a mortgage to himself. The question, then, is whether the former conduct of the mortgagees is inconsistent with their present claim.

We are referred to decisions in other jurisdictions to the effect that the levy on mortgaged chattels of process for the collection of the debt secured by the mortgage has the effect of an election by the holder of the mortgage, at whose instance the levy is made, to abandon the right or title conferred by the mortgage. The following statement, made in the opinion rendered in one of the cases which is principally relied on, in which the supporting decisions are referred to, indicates the course of reasoning by which this conclusion was reached: "The appellants in this case held the note of Harris, which was secured by a mortgage upon the mule in controversy. The note was past due, and the appel-

lants could have taken charge of the property and sold
it, under the power contained in the mortgage, but they
elected, instead, to bring suit before a justice of the
peace and attach the property. Now, so long as the
mortgage lien existed, the mortgagor, Harris, had no
interest in the mule subject to attachment for mort-
gaged property is not subject to execution or attach-
ment for a debt to the mortgagor.   *   *   *   But appel-
lants had the right to waive their mortgage lien and
attach the property. The levy of the attachment amount-
ed to an assertion by appellants that the property was
subject to seizure and sale under the attachment. But,
as this could not be true if the lien of the mortgage still
existed, the levy of the attachment was the same as a
denial on the part of the appellants that the mortgage
lien existed, and was in effect a waiver on their part of
the lien created by the mortgage. In other words, hav-
ing sued out an attachment, levied it upon the property
in question, and prosecuted the attachment suit to judg-
ment, they must be held to have waived rights which
were inconsistent with such a course of procedure. The
mortgage lien, being inconsistent with such attachment,
was thereby waived, and appellants have nothing upon
which to base their action of replevin."—*Cox v. Harris,*
64 Ark. 213, 41 S. W. 426, 62 Am. St. Rep. 187.

The language quoted discloses a view of the effect of
a chattel mortgage and of the respective interests in
the subject of the mortgage of the mortgagor and mort-
gagee, and of the remedies available to the latter, which
does not prevail in this state. Here, by virtue of a stat-
ute (Code, § 4091), the interest known as the equity of
redemption which the execution of a mortgage of per-
sonal property leaves in the mortgagor is recognized at
law so far at least as it is made the subject of levy
under process against him.—*Heflin v. Slay,* 78 Ala. 182;

*Bingham v. Vandergrift*, 93 Ala. 283, 9 South. 280. As the law itself declares that the owner of personal property does not cease to have a leviable interest in it by executing a mortgage of it, another's conduct which amounts to an assertion by him that such property is subject to levy under process in his favor does not import a denial by him that he holds a mortgage upon it.

There is no such inconsistency between a claim that another has a leviable interest in chattels and a claim that the same chattels are subject to a mortgage executed by the defendant in the process as is disclosed when one claims that chattels are subject to process in his favor and also claims that the same chattels have all along belonged to him, and that the defendant in the process never acquired any property or interest in them. The leviable interest of the mortgagor in an unforeclosed mortgage, and the estate which the mortgage confers on the mortgagee co-exist under our law. The two things are not at all incompatible. An affirmation that one of them exists is not a denial of the existence of the other. Nor is there any inconsistency between one's proceeding at the same time, until the debt due to him is collected, to enforce a personal judgment recovered on it and pursuing the remedies available to him for the enforcement of a mortgage given for the security of the debt. Until the demand is satisfied, the creditor may seek at the same time, but by separate and independent proceedings, both the enforcement of the personal liability of the debtor and of the rights conferred by the mortgage. The remedies are concurrent, and a resort to one of them is not an election to waive the rights which may be asserted by the others. Until the debt is satisfied, there is nothing inconsistent in the pursuit of the several remedies, concurrently or consec-

utively. The doctrines of election and waiver do not apply in such cases.—*Tyson v. Webber,* 81 Ala. 470, 2 South. 901; *Tompkins v. Drennen,* 95 Ala. 463, 10 South. 638; *Barchard v. Kahn,* 157 Ill. 579, 41 N. E. 902, 29 L. R. A. 803.

The pleas under consideration show no more than the plaintiffs had prosecuted their action for the recovery of the debt due to them so far as to obtain judgment on it and to have execution on the judgment levied on the property which, by virtue of the mortgage to them, they are seeking to recover in this suit. They do not show that the property has been sold under the execution, or that the debt has been satisfied, in whole or in part. As the two remedies are concurrent, both of them may be pursued until the debt is satisfied. What the plaintiffs have done in the unsuccessful attempt to collect the debt due to them did not have the effect of a waiver by them of their rights under the mortgage given to secure that debt, or estop them to enforce those rights. This view of the question presented is the one which, so far as we have been able to ascertain, has uniformly prevailed in jurisdictions in which, as in this state, a mortgagor's interest in mortgaged chattels is regarded as such a one as to be subject to levy of process against him.—*Barchard v. Kohn, supra; Byram v. Stout,* 127 Ind. 195; 26 N. E. 687; *Dix v. Smith,* 50 L. R. A. 714-716, note; *Madison v. Rutter,* 16 N. D. 281, 113 N. W. 872, 13 L. R. A. (N. S.) 554, 558; *Kansas City, etc., Co. v. Bank of Hamlin,* 79 Kan. 761, 101 Pac. 617, 24 L. R. A. (N. S.) 490, 17 Ann. Cas. 956. The conclusion follows that the court was not in error in sustaining the demurrers to the pleas above mentioned. A different question would have been presented if the levy of the execution had been followed by a sale of the property under it. But the mere fixing of an execution lien on

the mortgagor's interest in the property was not inconsistent with the continued existence of the mortgage he had given.

Assuming that the objection made by the defendants to the introduction in evidence of the notes executed by the defendant S. E. Logan was not inconsistent with their written agreement that "said notes will be received in evidence without objection, so far as proof of execution is concerned," yet it is not made to appear that the court was in error in overruling that objection, made upon the ground that, after the execution of the notes, the word "surety" had been added, as, at the time the objection was made and ruled on, counsel merely suggested that the addition of the word had been so made, without proving or offering to prove the fact, which was not admitted. The bill of exceptions does not show that, when the court acted on the objection, it was made to appear that the ground of it was well founded in fact. There was nothing on the face of the papers to indicate that they had been altered in any way after their execution. It was not for the court to assume the existence of such a fact, in the absence of any evidence of it, or of any offer to prove it.

The appellants could not have been prejudiced by the action of the court in overruling the objection to the question asked the witness Dodgin as to the value of the mules, as the jury by their verdict fixed the value at the sum shown by the testimony offered by the appellants themselves, and not at a higher value indicated by the testimony of the witness given in answer to the question objected to.

No other ruling is insisted on in argument, which is not disposed of by what has been said above.

Affirmed.