H. WOLFE & CO. *v.* J. L. SIMMONS ET AL.

BANKS. *Cashier. Directors. Misconduct. Liability for same.*

Where the cashier of an insolvent bank has, contrary to a seller's instructions, delivered to the buyer, without payment, the seller's draft for the price of goods, together with the bill of lading accompanying same, evidence that the directors at the time, although aware of the bank's insolvency, held it out as worthy of credit, and appropriated its assets,. is admissible, to affect them with individual liability for such want of care.

FROM the circuit court, second district, of Coahoma county.
HON. F. A. MONTGOMERY, Judge.
The facts are stated in the opinion of the court.

*Butt & Butt* and *Fitzgerald & Maynard*, for the appallants.

The idea of the court below that the directors could not be held liable unless brought, as stockholders, within § 844, code 1892, is wholly unsound. The plaintiffs should have been allowed to show that their money was lost to them by the fraud of the directors and cashier. *Delan* v. *Case*, 2 Am. St. Rep., 81; *Seal* v. *Baker*, 8 *Ib.*, 592; *Marshall* v. *Bank*, 17 *Ib.*, 84.

*J. W. Cutrer*, for the appellees.

Conceding the bank to have been liable for the act of its cashier, there is nothing in the evidence offered to render the directors individually liable.    There was no contractual relation between them and the creditors, and they were under no duty to appellants.    Their duty was to the corporation.    Thompson on Corp., secs. 4092, 4093, 4137, 4138.    They are liable only for false and fraudulent representations made by them personally, or for such conduct toward the party complaining as would make them liable in tort for deceit; or, to put it as broadly as possible, for such misconduct as would make them liable to every member of the community who had suffered loss.    1 Morse on Banking, sec. 132.    A wrong must have been done knowingly and wilfully to the person complaining, by reason of which wrong such person must have suffered loss.    3 Thompson on Corp., secs. 4243–4245; *Cowley* v. *Smith*, 46 N. J. L., 380; *Cole* v. *Cassidy*, 138 Mass., 437; *Penn. Mut. Ins. Co.* v. *Mechanics' Bank*, 19 C. C. A., 286; *Brady* v. *Evans*, 24 C. C. A., 236; *Spering's Appeal*, 71 Penn. St., 11.

Argued orally by *J. W. Cutrer*, for appellees.

TERRAL, J., delivered the opinion of the court.

H. Wolfe & Co., a mercantile firm of Chicago, Ill., on November 22, 1895, sold to J. Gidwitz, of Glendoro, Miss., a bill of goods to the amount of $151.28.    A draft for the amount, accompanied by the bill of lading of the goods, was sent to the Clarksdale Bank & Trust Company for collection, with direction to deliver the bill of lading only upon payment of the draft. The draft and the bill of lading were received by the bank, and were turned over by its cashier to Gidwitz.    Gidwitz testified that he paid the bank the amount of the draft, but Broadus, the cashier of the bank, testified that they were delivered without payment of the draft.    The bank failed some time in January following, without having paid H. Wolfe & Co. the contents

of the draft, and they brought this suit against the directors of the bank, individually, to recover the same.   The cause of action, as contained in the written statement of it filed before the justice of the peace, is not certain and definite, yet the evidence given, and that offered, but rejected by the court, discloses a purpose on the part of the plaintiff to charge the directors of the bank on the ground of fraud.   The plaintiffs offered to prove that the bank was insolvent to the knowledge of the directors, and that some of the directors had misappropriated the assets of the bank; to show whether regular meetings of the directors of the bank had been held, and the character of the supervision given by the directors to the concerns of the bank; to show the state of the account between Gidwitz and the bank, and other like evidence, all of which was excluded.

At common law, every person undertaking to act for others is presumed as undertaking to act with integrity, diligence and skill, and an action on the case for damages lay for a breach of such duties.   3 Bl. Com., 165.   Directors of banks are to be understood as contracting for reasonable capacity, skill and care in the discharge of their duties (Morse on Banks and Banking, sec. 125), and are consequently liable for the want of such capacity, skill and care to all persons who have been damaged thereby.   *Ib.*, 128.   Bank directors who know of the insolvency of the corporation, and yet hold it out to the world as worthy of credit, and at the same time appropriate its assets to their own advantage, are said, in Thompson on Corporations, unquestionably to render themselves individually liable to all persons injured by their misconduct.   Sec. 4139.   We are inclined to the opinion that the evidence offered by the plaintiffs should have been admitted before the jury.

*Wherefore, the judgment is reversed, and the cause remanded for a new trial.*