T. B. Sweet *et al.* v. The Montpelier Savings
Bank and Trust Company.

No. 13,718.   (77 Pac. 538.)

SYLLABUS BY THE COURT.

1. Practice, District Court—*Election of Remedies.* Where the
remedies afforded are inconsistent, an election of one of them,
with a full knowledge of the important facts, operates as a bar
to the adoption of another.

2. Trusts and Trustees—*Trust Funds—Election of Reme-
dies.* Where money has been wrongfully converted to the use
of a corporation, and the assets of the corporation by insolv-
ency have come into the hands of a receiver, a proceeding to re-
claim such money from the receiver is not a bar to an action in
conversion against the parties by whose wrongful acts the funds
were misappropriated, the two remedies not being inconsistent.

3. ———— *Liability of Officers of Corporation for Conversion
of Funds.* Where there were sent to a corporation a note and
mortgage, with instructions to collect and remit, and the
money was collected but not remitted, a recovery may be had
by the owner of the note and mortgage from the executive officers
and managing agents having the active management, charge and
control of the affairs of the corporation for the conversion of the
money by them for the use of the corporation, and also a recovery
from them for such conversion of the money by subordinates,
with the knowledge and acquiescence of such officers and man-
aging agents.

Error from Shawnee district court; Z. T. Hazen,
judge. Opinion filed July 7, 1904. Reversed.

*Rossington, Smith & West,* for plaintiffs in error.

*J. W. Gleed,* and *J. L. Hunt,* for defendant in error;
*Gleed, Ware & Gleed,* and *D. E. Palmer,* of counsel.

The opinion of the court was delivered by

Atkinson, J. : T. B. Sweet, George M. Noble, and
E. M. Shelden, who were defendants below and plain-
tiffs in error here, were president, vice-president, and

41—69 kan.

treasurer, respectively, of the Trust Company of America, a corporation having its place of business in the city of Topeka.   They were also large stockholders and had the active management, charge and control of its affairs, its business, among other things, being that of receiving money in trust, executing trusts, and performing such duties as might be committed to it by others.

In June, 1898, at the request of the trust company, through Shelden, its treasurer, the plaintiff below, defendant in error here, which is a corporation, with its place of business at Montpelier, Vt., sent to the trust company the note and mortgage of J. E. Weaver for $1545, owned by plaintiff, with instructions to collect and remit.   Accompanying the mortgage, as requested, was a release of the same, to be surrendered with the mortgage upon payment.   During the month the trust company collected the amount of the note, but it was never remitted to plaintiff, nor was it known by plaintiff until November following that the amount had been collected.   In the meantime, about September 1, a receiver was appointed by the federal court, who took charge of the property and effects of the trust company.

In December, 1898, plaintiff filed in the federal court its petition of intervention asking that its claim be allowed as a trust fund, and decreed a first lien on the assets in the hands of the receiver.   The petition was submitted to a special master, but no report made thereon.   Subsequently this action was brought by plaintiff against defendants Sweet, Noble, and Shelden, to recover of them the said sum of $1545, charging that they had wrongfully converted the proceeds of the collection to the use of the trust company.   Defendants denied liability, and pleaded that the pro-

ceeding of plaintiff by petition of intervention in the
federal court constituted an election of remedies and
a bar to this action.   The verdict and judgment were
for plaintiff, and defendants have brought the case
here for review.

The right of plaintiff to follow the funds in the
hands of the receiver as a trust fund is a recognized
remedy (*Bank v. Bank*, 62 Kan. 788, 64 Pac. 634;
*Hubbard v. Irrigating Co.*, 53 id. 637, 36 Pac. 1053, 37
Pac. 625), but it was not the only remedy open
to it.   It is conceded that plaintiff had the right
to select its remedy from among the remedies af-
forded, but it is claimed that, having elected to fol-
low the funds in the hands of the receiver, it is
held to its selection; that such election constitutes
a bar to its maintaining this action against defend-
ants.   The doctrine of the election of remedies has
been frequently applied by this court.   The cases
hold that where the remedies afforded are inconsist-
ent the election of one by a party, with full knowl-
edge of the important facts affecting his right, operates
as a bar to the adoption of another of such reme-
dies.   (*Remington v. Hudson*, 64 Kan. 43, 67 Pac. 636;
*Railway Co. v. Henrie*, 63 id. 330, 65 Pac. 665; *Bank
v. Haskell County*, 61 id. 785, 60 Pac. 1062; *City of
Larned v. Jordan*, 55 id. 124, 39 Pac. 1030; *Plow Co.
v. Rodgers*, 53 id. 743, 37 Pac. 111.)   Election goes
not to the form but to the essence of the remedy.   It
applies only where the law supplies to a party two or
more modes of procedure, predicated upon inconsist-
ent and conflicting theories.   If the remedies afforded
be predicated upon consistent theories, the suitor may
use one or all of them; there can be but one satisfac-
tion.   Where the remedies afforded are inconsistent,
the election of one operates as a bar.   Where the

remedies afforded are consistent, the satisfaction of the claim operates as a bar.

Is there inconsistency in following the trust property so far as it can be traced and in recovering of the trustee damage which the beneficiary has sustained by reason of the misappropriation? In *Heidelbach v. National Park Bank*, 87 Hun, 117, 33 N. Y. Supp. 794, a large quantity of tin was shipped on the condition that the title to the same should be held in trust for the owner until he had received the proceeds of its sale. Sale was made by the trustee, who failed in business before remitting to the owner. The owner of the property presented his claim to the commissioners of the estate of the trustee, which was allowed and a dividend paid thereon. Soon after the claim had been presented to the commissioners for allowance the owner of the property commenced an action to recover from the bank to which the remittance for the proceeds of the sale of the property had been made, and recovered in the action to the extent of the amount of funds in the bank to the credit of the trustee at the time of his financial failure. The action against the bank was defended on the ground that the two proceedings to recover were inconsistent; that plaintiff, having elected to file his claim against the estate with the commissioners, would not be permitted to maintain his action against the bank. The court, in passing upon the question, said:

"An election once made is determined forever, and it may be determined by any decisive act made with full knowledge of all the facts, and the bringing of an action to enforce one of the remedies sufficiently evidences such election; but if a person has two or more consistent, instead of two or more inconsistent remedies, for the recovery of the same debt, he may resort to all, although he can have but one satisfaction."

The same view of a trust fund was expressed in the opinion in *Stoller v. Coates*, 88 Mo. 514.  See, also, *Gambling et al. v. Haight*, 59 N. Y. 354, and *Commercial Nat. Bank v. Kirkwood*, 172 Ill. 563, 50 N. E. 219. In *Bowen v. Mandeville*, 95 N. Y. 237, the court said: "A party, however, may prosecute as many remedies as he legally has, provided they are consistent and concurrent." (See, also, 7 Encyc. Pl. & Pr. 362.)

In *Fowler v. Bowery Savings Bank*, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479, John White deposited money with the bank to the credit of his wife, Elizabeth White, but not as a special deposit.  Both the husband and wife soon thereafter died.  The executor of the estate of John White and the executor of the estate of Elizabeth White each made demand of the bank for the funds.  The money was paid by the bank to the executor of John White. The executor of Elizabeth White brought an action and recovered judgment against the executor of John White.  Being unable to satisy this judgment he subseqently brought an action to recover the amount of the deposit from the bank.  It was held that the relation of debtor and creditor existed between the bank and Elizabeth White at the time of her death; that after the bank had paid out the money to the executor of John White, the executor of Elizabeth White had two remedies—he could have sued the bank as a debtor for the amount of the deposit, or he could have brought an action for money had and received against the executor of John White and have recovered a judgment against either; but that he was not entitled to both remedies at the same time, or in succession.  In the opinion it was said:

"If the money had been absolutely the money of the plaintiff, left on special deposit with the bank,

then he could have pursued the money wherever he could trace it without losing his remedy against the bank. In such a case the plaintiff would not be barred of his right of recovery against the bank until he had either recovered his money, or the value of the same. All his remedies would be consistent, being based upon the theory of a wrongful disposition of his property. So, too, where a trustee, in breach of his trust, disposes of the trust property, the beneficiary of the trust may pursue it or its proceeds wherever he can trace them, so far as the law will permit him to do so, without relieving the trustee." (Page 455.)

In *Hervey v. Rawson*, 164 Mass. 501, 41 N. E. 682, it was held :

"The plaintiff cannot, of course, have more than one satisfaction, but the general rule in cases of trust is, that when the trust property has been misappropriated or misapplied by investing it in an unauthorized manner, the beneficiary may pursue and recover 'the trust property so far as it can be traced, unless the purchaser or holder of it has obtained a good title against the beneficiary, and can also recover of the trustee any damages which the beneficiary has sustained by reason of the misappropriation or misapplication."

As appears from the averments of plaintiff's petition of intervention, and from the petition filed in this case, plaintiff has at all times disaffirmed the wrongful act of defendants in the conversion of its funds. In neither proceeding was there a recognition of title to the funds in the trust company, or a ratification of the wrongful act of defendants. The amount, if any, that may be recovered from the receiver will go to reduce the damage of defendants. There is nothing inconsistent in the two positions. There is nothing in the nature or the justice of the case which should preclude plaintiff from pursuing this course, which is for the interest of the defendants. To hold that the pro-

ceeding in the federal court ratified the act of the trust company or condoned the offense of defendants and would relieve them of liability would be carrying the doctrine of implied ratification to an unreasonable and unjust extent.

The consistency of remedies is a matter to be determined by the facts in each case. No arbitrary rule can be enunciated which will constitute a test for all cases. In the case at bar plaintiff, after filing its petition of intervention in the federal court, could have maintained an action against the trust company, the trustee in this case, to recover its damages for the misappropriation of the funds of plaintiff, the limitation being that there could be but one satisfaction of plaintiff's claim. In the view we take of the case, if the conversion of the money was through the wrongful act of defendants, the same rule would apply to them. We find no inconsistency in plaintiff's adopting the two remedies. There was, in the two remedies, no controversy as to the ownership of the trust property ; there was no waiver of plaintiff's claim of ownership ; there was no ratification of the act of defendants ; there was no affirmance of an act or contract in the one proceeding and a disaffirmance of it in the other. The two proceedings are between different parties. There can be but one satisfaction of plaintiff's claim.

Error is assigned in the court's giving to the jury the following instruction :

"If you believe from the evidence in this case that in June, 1898, the plaintiff was the owner of the Weaver note and mortgage ; that the Trust Company of America, then doing business in the city of Topeka, requested plaintiff to forward said note and mortgage to it for collection, and the same was forwarded with instructions that when collected the money should

be remitted to the plaintiff; that in pursuance to that request the plaintiff forwarded to the Trust Company of America the Weaver note and mortgage in June, 1898, for collection; that the Trust Company of America collected said note and mortgage, but failed and neglected to notify the plaintiff that the collection had been made, and withheld from plaintiff information of said collection; that plaintiff did not learn of the facts of said collection until about November 22, 1898; that the Trust Company of America appropriated the money so collected to the use of said company without the knowledge or consent of the plaintiff; that defendants had knowledge that the money so collected was a trust fund and of its misappropriation; that the defendants, or either of them, participated in the misappropriation of the money, or knowingly permitted subordinates in the office to misappropriate the money to the Trust Company of America, and acquiesced in such misappropriation, then I instruct you that the defendants or such of them as participated in the misappropriation or knowingly acquiesced in the misappropriation of the money by subordinate employees, would be liable in this action.''

The above instruction fairly states the law applicable to this case, where it is shown, as alleged, that defendants were the active executive officers of the corporation and had personal charge and supervision of its business affairs, receiving and disbursing moneys that came into its possession. The personal liability of defendants to plaintiff, as alleged, is not statutory, but rests wholly on the common law. Upon the subject of the personal liability of the officers of a corporation for their wrongful acts to persons having dealings with the corporation, see the following authorities: *Anderson v. Daly*, 38 Hun, App. Div. 505, 56 N. Y. Supp. 511; *Hempfling v. Burr*, 59 Mich. 294, 26 N. W. 496; *Winchester v. Howard*, 136 Cal. 432, 69 Pac. 77, 89 Am. St. Rep. 153; *Gores v. Day*, 99 Wis. 276, 74 N. W. 787; *Wolfe v. Simmons*, 75 Miss. 539, 23

South. 586 ; *Fusz v. Spaunhorst,* 67 Mo. 256 ; 3 Thomp. Corp. §§ 4138, 4140.

Complaint is made of the court's giving to the jury the following instruction :

"If the defendants were, respectively, president, vice-president and treasurer of the Trust Company of America, a corporation, and the principal place of business of said company was in the city of Topeka, and the defendants had personal charge and supervision of the office and the business affairs of said company, directing and managing its affairs, receiving and disbursing moneys that came into its possession, then the defendants would be held to have knowledge of all the business affairs of the corporation which came under their personal observation and knowledge, of all the business affairs of the corporation which they might have known by the exercise of ordinary diligence in the conduct of the business affairs of the company."

The corporation is primarily liable for the conversion or misappropriation of moneys by its employees ; the employees of the corporation are its agents within the line of their respective duties. The instruction complained of, as to liability, would probably be applicable where an action is brought direct against a corporation for a conversion or misappropriation of money by its employees. The usual remedy in such cases is an action against the corporation for the recovery of the money misappropriated. A proceeding against the managing officers of a corporation, as in the case at bar, is a somewhat unusual and extraordinary remedy. But where there were sent to a corporation a note and mortgage, with instructions to collect the same and remit, and the money was collected but not remitted, a recovery may be had by the owner of the note and mortgage against the executive officers and managing agents having the active management,

charge and control of its affairs for the conversion of the money by them for the use of the corporation; and a recovery may be had against them for such conversion of the money by subordinates with the knowledge and acquiescence of such officers and managing agents.

That part of the instruction complained of which holds defendants personally liable for the conversion of funds by the subordinates, of which they had no actual knowledge, but by the exercise of ordinary diligence in the conduct of the business affairs of the corporation they might have known, does not meet our approval. The rule announced by the able trial judge in his charge to the jury, holding such officers liable for ordinary negligence, finds support in the following cases : *United Society of Shakers v. Underwood, &c.*, 9 Bush. 609, 15 Am. Rep. 731 ; *Marshall v. F. & M. Savings Bank of Alexandria and als.*, 85 Va. 676, 8 S. E. 586, 2 L. R. A. 534, 17 Am. St. Rep. 84; *Solomon v. Bates*, 118 N. C. 311, 24 S. E. 478, 54 Am. St. Rep. 725 ; *Delano et al. v. Case*, 121 Ill. 247, 12 N. E. 676, 2 Am. St. Rep. 81. The authorities following, which more nearly meet our approval, hold that such officers of a corporation are not personally liable to persons dealing with the corporation for mere acts of negligence : *Bank v. Hill*, 148 Mo. 380, 49 S. W. 1012, 71 Am. St. Rep. 615 ; *The Frost Manuf. Co. v. Foster, Adm'r*, 76 Iowa, 535, 41 N. W. 212 ; *Chick v. Fuller*, 114 Fed. 22, 51 C. C. A. 648 ; *Deaderick v. Bank*, 100 Tenn. 457, 45 S. W. 786 ; 3 Thomp. Corp. § 4137.

It is a well-known fact that much of the business of this day and age is transacted by corporations, many of them employing numerous persons in the various departments of the work in which they are engaged. Large amounts of money and property are daily han-

dled by the employees of such corporations. The instruction complained of casts upon the executive officers and managing agents of such corporations an unreasonable degree of liability. It would be a great hardship to hold them liable for acts of misappropriation of money or property by subordinates of which they had no actual knowledge. The rule of personal liability of such officers for the misappropriation by subordinates adopted by the trial court is too far-reaching in its scope.

For the error in giving the instruction complained of, which is the only material error disclosed by the record, the judgment will be reversed and a new trial ordered.

All the Justices concurring.