No. 22,792.

J. C. IRELAND, *Appellee,* v. GEORGE W. WAYMIRE et al. (JUANITA HILL, Intervener, *Appellant*).

SYLLABUS BY THE COURT.

1. CONVERSION OF PROPERTY—*Effect of Election of One of Two Inconsistent Remedies.* Where property is wrongfully obtained from the owner by another and converted to his own use, the former owner has two remedies open to him, one to treat the title as having passed, and sue for its value, and the other to sue for the recovery of the specific property, and when, with knowledge of the facts, he sues for the value of the property converted, the election is complete, and the other remedy is no longer available to him.

2. SAME—*Dismissal of Action—Does Not Avoid the Election.* The fact that the first action did not proceed to judgment, but was dismissed, does not avoid the effect of the election. The commencement of an action or any decisive act of a party determines the election and gives finality to it, regardless of its result.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed July 10, 1920. Affirmed.

*John A. Hall,* of Pleasanton, for the appellant.

*Harry W. Fisher,* of Mound City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case involves the doctrine of election of remedies which was invoked in a controversy as to the right to the possession of an automobile. The car was in the pos-

session of the defendant Waymire, and the intervener, Juanita
Hill, of Arizona, finding him in that state, brought an action
against him there, alleging that he had obtained possession of
her car, refused to return it upon demand, and had converted
it to his own use. She therefore asked judgment for $1,120,
the value of the car, with interest from the time of the conver-
sion. He answered that she never was the owner of the car,
that he had purchased and paid for it and was not indebted to
her in any sum. Subsequently, she dismissed her action in
Arizona, and undertook to recover possession of the car in this
proceeding. Ireland, the plaintiff herein, brought this action
to recover $1,025 from Waymire, alleged to have been fraud-
ulently obtained from plaintiff, and obtained an order of at-
tachment which was levied upon the car in question. Upon a
trial the attachment was sustained, and a judgment against
Waymire for the amount of the debt was rendered. After an
order for the sale of the attached property had been issued,
Juanita Hill intervened in the action, alleged that she owned
the car and asked for the possession of it. She alleged that the
location of the car had been concealed from her, and therefore
she had brought the action in Arizona, but upon learning that
the car was in Kansas, she had dismissed that action and was
seeking a recovery of it in this action. Ireland's answer to her
interplea was a general denial and the defense that by her ac-
tion in Arizona she had elected to treat the automobile as the
property of Waymire and was therefore precluded from prose-
cuting an action for the recovery of the specific property. The
facts related were set forth in the pleadings, and the court sus-
tained a motion made by the plaintiff for judgment against the
intervener upon the pleadings.

In her appeal the intervener insists that, while she had
alleged the conversion of the property by Waymire, she did not
aver that it had been sold to him or that he had acquired it by
contract, but had alleged ownership of the property and was
asking a recovery because she had been wrongfully deprived
of it. It appears, however, that she did not ask for the specific
possession of the property, but explicitly alleged that Way-
mire had converted it to his own use, and she proceeded upon
the theory that he had made the property his own, and there-

25—107 Kan.

fore asked that he be required to pay for it. Two remedies were open to her, one for the recovery of the specific property, and the other to waive the tort and sue on the implied obligation of Waymire to pay for the property which he had converted. She chose the latter remedy and is conclusively bound by her election.

It has been consistently held throughout a long line of decisions in this state, that where a party having the right to choose one of two inconsistent remedies, deliberately elects to follow one of them, with knowledge or the means of knowledge of the facts, he is effectually barred from thereafter making a new election and pursuing the other remedy. (*Smith v. McCarthy,* 39 Kan. 308, 18 Pac. 204; *Plow Co. v. Rodgers,* 53 Kan. 743, 37 Pac. 111; *Evans v. Rothschild,* 54 Kan. 747, 39 Pac. 701; *National Bank v. National Bank,* 57 Kan. 115, 45 Pac. 79; *Burrows v. Johntz,* 57 Kan. 778, 48 Pac. 27; *Blaker v. Morse,* 60 Kan. 24, 55 Pac. 274; *Bank v. Haskell County,* 61 Kan. 785, 60 Pac. 1062; *Railway Co. v. Henrie,* 63 Kan. 330, 65 Pac. 665; *Remington v. Hudson,* 64 Kan. 43, 67 Pac. 636; *James v. Parsons,* 70 Kan. 156, 78 Pac. 438; *Ullrich v. Bigger,* 81 Kan. 756, 106 Pac. 1073.) The doctrine is an application of one phase of the law of estoppel which prevents one who comes into court asserting or defending his rights from taking and occupying inconsistent positions.

"A party cannot either in the course of litigation or in dealings in pais occupy inconsistent positions. Upon that rule election is founded; 'a man shall not be allowed,' in the language of the Scotch law, 'to approbate and reprobate.'" (Bigelow on Estoppel, 6th ed., 732.)

Another statement of the basis of the rule and of its application in cases like the one in hand is—

"The reason of this rule, as applied to a case of conversion where the tort is waived, is that plaintiff thereby elects to treat the transaction as a sale whereby title to the property is transferred to defendant, and he cannot thereafter assert, either as against defendant or another, that the title so transferred still remains in himself." (1 C. J. 1040, Note 50 [a].)

*Plow Co. v. Rodgers,* supra, like this, was a case of conversion. Underwood, an agent to whom goods were intrusted, absconded after disposing of them. The plow company, the owner, sued the agent, upon the theory that there had been a conversion and a transfer of ownership to Underwood, and asked for the recovery of their value. As that action did not

Ireland v. Waymire.

promise satisfactory results, the plow company dismissed it and sought a recovery of the property itself in another action. It was held that the company could not blow hot and cold, that its first action was upon the theory that the title had passed, and if title had passed, it had no right to the property. It was remarked that—

"Having made its election with a knowledge at least of the more important facts affecting its rights, the plaintiff may not thereafter abandon its first election and choose the opposite remedy. An election, once fairly made by a party having the right to make it, is final and conclusive." (p. 749.)

It is clear that at the outset both remedies were open to the intervener, and that she had knowledge of her rights. Considerable is said about the form of the actions, and it is urged that both were in their nature *ex delicto* and that, therefore, the rule invoked was not applicable. The doctrine of election does not depend so much on the form as the nature and theory of the actions. It is the inconsistencies of the remedies, rather than the forms, which give rise to the estoppel. (*Commission Co. v. Bank,* 79 Kan. 761, 101 Pac. 617.) This view was stated in *Sweet v. Bank,* 69 Kan. 641, 77 Pac. 538, as follows:

"Election goes not to the form but to the essence of the remedy. It applies only where the law supplies to a party two or more modes of procedure, predicated upon inconsistent and conflicting theories. If the remedies afforded be predicated upon consistent theories, the suitor may use one or all of them; there can be but one satisfaction. Where the remedies afforded are inconsistent, the election of one operates as a bar.". (p. 643.)

The first action, whatever it may be called, was brought upon the theory that the title to the property wrongfully obtained had passed to Waymire. Although she had not contracted a sale of it to him, her action in treating the property as his and asking for its value operated as a transfer of title. When she chose that remedy, as she had a right to do, the law implied an obligation upon his part to pay for the property converted, and this obligation was the foundation of that action. The cases cited clearly demonstrate that the remedy first chosen is wholly inconsistent with that invoked in the second action brought to recover the specific property. Having chosen one remedy, the other was no longer available to her.

Nor does the fact that the action did not proceed to judgment

affect the application of the principle. The commencement of an action or any decisive act of a party determines the question and gives finality to the election, whatever may be its result. In *Conrow et al., v. Little et al.,* 115 N. Y. 387, where an election by plaintiffs to affirm or avoid a contract was under consideration, it was said:

"They could not do both, and there must ·be a time when their election should be considered final. We think that time was when they commenced an action for the sum due under the contract." (p. 393.)

The court further held that the discontinuance of the action was immaterial. (See, also, *Terry et al., v. Munger,* 121 N. Y. 161.)

The judgment of the district court is affirmed.