No. 33,575

B. K. Curtis, *Appellant*, v. John B. Hanna and John W. Stark, *Appellees*.

(73 P. 2d 1063)

Opinion filed December 11, 1937.

*Earl C. Moore, Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellant.

*W. N. Banks, O. L. O'Brien, W. L. McVey,* all of Independence, *Glenn Porter, Getto McDonald, Dwight S. Wallace* and *William Tinker,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: The legal question involved in this appeal is that of election of remedies.

This was an action to recover from the two defendants $25,000 as the reasonable value for the services of the plaintiff and the services of his automobile on the *quantum meruit* basis, such services being rendered the defendants by the plaintiff in transporting them in his car and assisting them in the procuring and selling of oil leases and royalties from May 15, 1934, to November 20, 1934, and particularly with respect to keeping in touch with the work of drilling on three different tracts in Ellsworth county, which are described in the petition, on one of which a commercial well was brought in on the 20th day of November, 1934.

The defendants by separate answers alleged and pleaded in addition to their separate general denials facts which they contended constituted an election of remedies. In an earlier case between the

same parties, based on the same services rendered by the plaintiff covering the same period of time, the plaintiff claimed therein a share of the proceeds of the commercial well on one of the tracts because of a contract of partnership and joint adventure between him and the defendants, and the defendants attached to their answers in this case as exhibits, copies of plaintiff's petition in the earlier case, the answer of the defendants therein, the reply of the plaintiff and the journal entry of judgment of the district court sustaining the demurrers of the defendants to the plaintiff's evidence in that cause.

On those pleadings the evidence of plaintiff was introduced in this case and the trial court sustained the separate demurrers of the defendants to the plaintiff's evidence on the ground that the plaintiff had theretofore elected to rely upon a remedy in his former action inconsistent with the remedy relied upon in this action, from which ruling the plaintiff is appealing. The former action was appealed by the plaintiff to this court and the judgment of the lower court therein sustaining the demurrers of the defendants on the ground of insufficiency of evidence was affirmed, the decision being reported in 143 Kan. 186, 53 P. 2d 795.

The appellant insists that this remedy is not inconsistent with the former one taken by him to establish a partnership or joint adventure, quoting from the case of *Ireland v. Waymire,* 107 Kan. 384, 191 Pac. 304, as follows:

"The doctrine [of election of remedies] is an application of one phase of the law of estoppel which prevents one who comes into court asserting or defending his rights from taking and occupying inconsistent positions." (p. 386.)

Appellant also cited *Sweet v. Bank,* 69 Kan. 641, 77 Pac. 538, in which it was said:

"Election goes not to the form but to the essence of the remedy. It applies only where the law supplies to a party two or more modes of procedure, predicated upon inconsistent and conflicting theories. If the remedies afforded be predicated upon consistent theories, the suitor may use one or all of them; there can be but one satisfaction. Where the remedies afforded are inconsistent, the election of one operates as a bar." (p. 643.)

In 20 C. J. 21 it is stated:

"An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence, the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is

"defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right."

Appellant also cites *Darnell v. Haines,* 119 Kan. 633, 240 Pac. 582, and *Emanuel Home v. Bergin,* 127 Kan. 593, 274 Pac. 284, which show that plaintiff is not denied the right to sue on either an express contract or an implied contract at different times, or both at the same time, and cites *Kasper v. Railway Co.,* 115 Kan. 610, 223 Pac. 1106, and other cases to show that if he does not actually have two remedies, the fact that he sues upon one, a supposed remedy which in fact does not legally exist, he is not precluded from suing on the other. One of these cases was an action under the federal employers' liability act to recover for injuries sustained when the defendant was operating under the workmen's compensation act. Another was a suit under a void statute. Neither of these actions would afford a remedy at all and consequently the attempts along such lines would not be an election of remedies nor an estoppel of the use of an existing remedy.

Appellant quotes from the opinion of this court in the former case to show that an action of this kind was shown in that case to be proper, although no proof was there made of partnership interest, as follows:

". . . the evidence failed to show an express contract, it showed performance of services compatible with the claim made in the notice of *lis pendens,* there was no showing the services were performed under any other or different arrangement or understanding. . . ." (p. 190.)

The appellant insists that the essential elements of the doctrine of election of remedies are: (1) the existence of two remedies, (2) the inconsistency between the remedies, and (3) the choice of one of the remedies. In other words, there must be two remedies, they must be inconsistent with each other, and the pursuit of a supposed but nonexisting remedy does not constitute such an election as will estop a party from resorting to or relying upon another remedy.

Appellees in effect concur in these legal principles announced by appellant, but insist that there are and were under the matters alleged by appellant as facts in these two actions, two legal remedies, that they were inconsistent, one with the other, that neither of them was nonexistent or simply supposed, and that the plaintiff was estopped from maintaining this action for the recovery of compensation on the *quantum meruit* basis for identically the same

services alleged to have been rendered which were made the basis for the recovery of a partnership or joint-adventure interest in the former action.

The following extracts from 20 C. J. are informative on the questions here involved:

"Election of remedies is the act of choosing between different remedies allowed by law on the same state of facts, where the party has but one cause of action, one right infringed, one wrong to be redressed. The doctrine does not require election between distinct causes of action arising out of separate and distinct facts." (p. 8.)

"To make them inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other. It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different. Another test sometimes applied is: Can the facts necessary to support one remedy coincide with the facts necessary to support the other?" (p. 11.)

"Where a party prosecutes an action at law based on a misapprehension as to the legal effect of a written instrument and dismisses the action, or where, in such case, on prosecution to judgment, is defeated because of such error, such acts do not constitute an election of remedies so as to preclude a subsequent action to reform the instrument." (p. 26.)

In 9 R. C. L. 958 it is said:

"Whether coexistent remedies are inconsistent is to be determined by a consideration of the relation of the parties with reference to the right sought to be enforced as asserted in the pleadings."

A definition of inconsistency is found in *Anderson v. Surety Co.*, 107 Kan. 375, 191 Pac. 583:

"Causes of action are inconsistent with each other when they cannot stand together; when if one is true the other cannot be true; when one defeats the other." (p. 380.)  (See, also, *Pitt v. Keenan,* 124 Kan. 810, 262 Pac. 567.)

The case of *Ireland v. Waymire,* 107 Kan. 384, 191 Pac. 304, was where one brought an action to recover the value of an automobile. She later abandoned that action and intervened in an attachment action, alleging that she owned the car and asked to recover possession of it, and it was there said:

"The first action, whatever it may be called, was brought upon the theory that the title to the property wrongfully obtained had passed to Waymire. Although she had not contracted a sale of it to him her action in treating the property as his and asking for its value operated as a transfer of title. When she chose that remedy, as she had a right to do, the law implied an obligation upon his part to pay for the property converted, and this obligation was the foundation of that action. The cases cited clearly demonstrate that the

remedy first chosen is wholly inconsistent with that invoked in the second action brought to recover the specific property. Having chosen one remedy, the other was no longer available to her." (p. 387.)

Another case in this state demonstrating the inconsistency of remedies is *Morse v. Grain and Ice Co.*, 116 Kan. 697, 229 Pac. 366, where the plaintiff brought an action against an elevator company to recover the market price of wheat he had deposited in the elevator. The wheat had been sold and plaintiff asked that the money received for the wheat be declared a trust fund and a superior lien upon the assets of the elevator company, and if not so determined, that plaintiff have personal judgment against the directors and officers of the elevator company for wrongful conversion of the wheat. The record showed that the plaintiff had prior thereto obtained a judgment in a law action against the elevator company, and it was held that the two remedies existed, that they were inconsistent with each other and that the plaintiff by his election of remedies was estopped to maintain the second action.

The recent case of *State Bank v. Braly,* 139 Kan. 788, 33 P. 2d 141, illustrates a distinction in that a claim was filed by the plaintiff in a bankruptcy proceeding and later the same plaintiff concerning the same transaction filed a claim in probate court against the estate of the manager of the elevator company for fraud and deceit in inducing the plaintiff to part with such funds. These were held not to be inconsistent remedies.

In the case at bar two remedies existed and neither of them was a supposed or nonexisting one. They were inconsistent with each other. The proof of one would disprove the other. If the defendants were shown to have owned the leases and royalties described and were indebted to the plaintiff for his services performed and furnished in connection with the same, that very proof would disprove that the plaintiff was a part owner thereof, and if plaintiff was a partner in the ownership or enterprise for the success of which all three were contributing their time and energies, he would not be entitled to recover compensation from his partners for the reasonable value of his services.

We conclude that the demurrers to the evidence of the plaintiff were properly sustained on the ground of the election of remedies, the remedies being existent and inconsistent with each other. This holding makes it unnecessary to consider the question of *res judicata.*

The judgment is affirmed.